UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CalPlant I, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11303 (JTD) |
| Lance Miller, Liquidating Director for the Liquidating Trust for CalPlant I, LLC,<br><br>Plaintiff,<br>v.<br><br>Walker Emulsions Inc.,<br><br>Defendant. | Adv. Proc. No 23-50725 (JTD)<br><br>**Related to Docket No. 1** |

**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant Walker Emulsions Inc. ("Walker") answers the Complaint filed by Plaintiff Lance Miller, Liquidating Director for the Liquidating Trust for CalPlant I, LLC ("Plaintiff") on October 4, 2023 (ECF No. 1), as follows, and asserts the affirmative defenses and counterclaim set forth below.

## I. ANSWERS TO PARTICULAR ALLEGATIONS

### A. Answers to "Nature of Action"

1. Walker denies the Plaintiff is entitled to any relief and, thus, denies the allegations in paragraph 1.

2. Walker denies the Plaintiff is entitled to any relief and, thus, denies the allegations in paragraph 2.

### B. Answers to "Jurisdiction and Venue"

3. Walker admits the allegations in paragraph 3.

4. Walker admits the allegations in paragraph 4.

5. Walker admits the allegations in paragraph 5.

6. Walker denies that the Bankruptcy Code or the Bankruptcy Rules authorize any relief against Walker under these circumstances and, therefore, denies the allegations in paragraph 6.

7. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 regarding the Plaintiff's intention to consent to the entry of final orders or judgments by the Court. Pursuant to Del. Bankr. L.R. 7012-1, Walker consents to the entry of final orders and judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**C. Answers to "Procedural Background"**

8. Walker admits the allegations in paragraph 8.

9. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. Walker admits the allegations in paragraph 10, and refers to the combined disclosure statement and plan for its contents.

11. Walker admits the allegations in paragraph 11, and refers to the order confirming the third amended combined disclosure statement and joint chapter 11 plan for its contents.

12. Walker admits the Court entered an order confirming the third amended combined disclosure statement and joint chapter 11 plan on August 15, 2023, refers to that confirmation order for its contents, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations the allegations in paragraph 12.

13. Walker admits the Court entered an order confirming the third amended combined disclosure statement and joint chapter 11 plan on August 15, 2023, refers to

that confirmation order for its contents, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations the allegations in paragraph 13.

14. Walker admits the allegations in paragraph 14, and refers to the amended plan supplement, including exhibits attached thereto, for its contents.

15. Walker admits a notice was filed on September 29, 2023 providing an effective date of September 29, 2023 for the third amended combined disclosure statement and joint chapter 11 plan, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations the allegations in paragraph 15.

16. Walker admits the Court entered a final decree closing the chapter 11 case on October 2, 2023, refers to that order for its contents, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations the allegations in paragraph 16.

17. Walker admits the Debtors filed a chapter 11 plan on June 1, 2023, refers to that plan for its contents, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations the allegations in paragraph 17.

**D. Answers to "The Parties"**

18. Walker admits to the allegations in paragraph 18.

19. Walker admits it supplied CalPlant, I, LLC ("CalPlant I") raw materials between 2020 and 2023, admits it has an office located at 4401 SE Johnson Creek Blvd., Portland, OR 97221, and denies the remaining allegations in paragraph 19.

**E. Answers to "Factual Background"**

20. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25. Walker admits that it had an agreement with CalPlant I, whereby Walker supplied CalPlant I raw materials between 2020 and 2023 in exchange for payment, and refers to the documents exchanged between Walker and CalPlant I, including invoices, reflecting the parties' agreement for their contents, admits Walker received payment for the raw materials it supplied to CalPlant I, and refers to the documents reflecting those payments for their contents, and denies the remaining allegations in paragraph 25.

26. Walker admits it received payment for the raw materials it supplied to CalPlant I, refers to the documents reflecting those payments for their contents, and denies the remaining allegations in paragraph 26.

27. Walker denies Plaintiff is entitled to any relief, and, thus, denies the allegations of paragraph 27.

28. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 concerning Plaintiff's investigation, denies Plaintiff is entitled to any relief, and, thus, denies the remaining allegations of paragraph 29.

30. Walker denies Plaintiff is entitled to any relief, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

**F. Answers to "Count I (Avoidance of Preference Period Transfers–11 U.S.C. 547)"**

31. The allegations within paragraph 31 require no response and allege no facts. To the extent a response is required, Walker incorporates by reference its answers to the above allegations as if fully stated herein.

32. Walker admits it received payment for the raw materials it supplied to CalPlant I, and refers to the documents reflecting those payments for their contents, denies the remaining allegations in paragraph 32.

33. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Walker admits it received payment for the raw materials it supplied to CalPlant I, and refers to the documents reflecting those payments for their contents, and denies the remaining allegations in paragraph 34.

35. Walker denies the allegations in paragraph 35.

36. Walker denies the allegations in paragraph 36.

37. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38. Walker admits it received payment for the raw materials it supplied to CalPlant I, refers to the documents reflecting those payments for their contents, and denies the remaining allegations in paragraph 38.

39. Walker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40. Walker denies the allegations in paragraph 40.

**G. Answers to "Count II (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))"**

41. The allegations within paragraph 41 require no response and allege no facts. To the extent a response is required, Walker incorporates by reference its answers to the above allegations as if fully stated herein.

42. Walker denies Plaintiff is entitled to any relief, denies CalPlant 1 did not receive reasonably equivalent value of goods in exchange for payments made to Walker, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 42.

43. Walker denies the allegations in paragraph 43.

**H. Answers to "Count III (Recovery of Avoided Transfers – 11 U.S.C. § 550)"**

44. The allegations within paragraph 44 require no response and allege no facts. To the extent a response is required, Walker incorporates by reference its answers to the above allegations as if fully stated herein.

45. Walker denies the allegations in paragraph 45.

46. Walker denies Plaintiff is entitled to any relief, and, thus, denies the allegations of paragraph 46.

47. Walker denies the allegations in paragraph 47.

**I. Answers to "Count IV (Disallowance of All Claims – 11 U.S.C. § 502(d) and (j))"**

48. The allegations within paragraph 48 require no response and allege no facts. To the extent a response is required, Walker incorporates by reference its answers to the above allegations as if fully stated herein.

49. Walker denies the allegations in paragraph 49.

50. Walker denies Plaintiff is entitled to any relief, and, thus, denies the allegations of paragraph 50.

51. Walker denies Plaintiff is entitled to any relief, and, thus, denies the allegations of paragraph 51.

52. Walker denies Plaintiff is entitled to any relief, and, thus, denies the allegations of paragraph 52.

**J. Answers to "Prayer for Relief"**

Walker denies that the Plaintiff is entitled to any relief.

## II. GENERAL DENIAL

Walker denies every allegation in the complaint that is not specifically admitted in this answer.

## III. AFFIRMATIVE DEFENSES

Walker hereby alleges the following affirmative defenses without conceding Walker necessarily bears the burden of proof. Walker reserves the right to amend or supplement its defenses and affirmative defenses as its investigation and discovery proceeds.

1. The Plaintiff may not avoid one or more transfers because they were payments made pursuant to a contract between CalPlant I and Walker.

2. The Plaintiff may not avoid one or more transfers because they were payments made by CalPlant I in the ordinary course of business or financial affairs of CalPlant I and Walker, were made in the ordinary course of business or financial affairs of CalPlant I and Walker, or were made according to ordinary business terms.

3. The Plaintiff may not avoid one or more transfers because CalPlant I received reasonably equivalent value in exchange of the payments made to Walker.

4. Walker accepted payments for value, in good faith, and without knowledge of the voidability of the transfers, rendering the transfers unavoidable.

5. To the extent avoidable, Walker has a lien on and may retain any interest transferred to the full extent of the value given to the Debtors in exchange for the transfers.

6. The Plaintiff's claims should be offset and recouped to the extent of any obligations the Plaintiff owed or owes to Walker.

## IV. COUNTERCLAIM

Walker asserts the following counterclaim:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This proceeding is defined

as "core" by 28 U.S.C. § 157. Walker consents to the entry of final orders and judgments by the Court.

2. Under section 502(h) of the Bankruptcy Code, Walker is entitled to a claim arising from any recovery of property under section 550 of the Bankruptcy Code.

3. If the Plaintiff recovers any property in connection with this proceeding under section 550 of the Bankruptcy Code, Walker is entitled to a claim arising from the recovery of property pursuant to that statute.

4. Accordingly, Walker asserts a contingent claim for its rights under section 502(h) of the Bankruptcy Code.

## V. PRAYER FOR RELIEF

Walker respectfully requests the Court to enter judgment in its favor and against the Plaintiff, as follows:

A. The Court should deny the Plaintiff any relief in connection with its claims.

B. If the Court grants any relief to the Plaintiff under section 550 of the Bankruptcy Code, the Court should allow Walker's claim under section 502(h) of the Bankruptcy Code in an amount to be determined at trial.

C. If permitted by law and equity, the Court should order the Plaintiff to pay attorneys' fees and other costs incurred in connection with this adversary proceeding.

Dated: Wilmington, Delaware
January 16, 2024

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ *Brett D. Fallon*

Brett D. Fallon (Del. Bar 2480)
222 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 467-4200
Fax: (302) 467-4201
brett.fallon@faegredrinker.com

*Attorneys for Walker Emulsions Inc.*